[Civ. No. 13524. Second Dist., Div. One. Sept. 21, 1942.]

ISLA G. BATES et al., Appellants, v. PHILLIP ZAMPELLI et al., Respondents.

452

George D. Higgins for Appellants.

Parker & Stanbury, Harry D. Parker, Raymond G. Stanbury and White McGee, Jr., for Respondents.

DORAN, J.—In an action for damages as the result of an automobile accident the plaintiffs appeal from a judgment for defendants after the verdict of a jury in defendants' favor. The record reveals that a truck driven by one of the respondents collided with appellants' car at or about the time appellants' car was pulling away from the curb and entering the right hand lane of traffic on a city street. Respondents' answers to the complaint herein set up the affirmative defense of contributory negligence on the part of appellants. Appellants' only contentions on this appeal are that, first, the testimony of the respondent driver of the truck as to the manner in which the accident occurred was "physically and logically impossible, when considered in the light of known and agreed facts"; and, second, that the trial judge committed prejudicial error in sustaining a motion to strike a certain answer of one of appellants, given in testifying at the trial herein.

The weakness of both of appellants' contentions lies in the fact that upon appellants' own version of the accident a finding of contributory negligence would have been war-

ranted. ██ Regardless of which view is taken of the evidence presented it would be proper to conclude that appellants' car was driven away from the curb and into the traffic lane at a time when such movement could not be made with reasonable safety. Under such circumstances it may be assumed that the verdict of the jury was based upon a finding of contributory negligence upon the part of appellants and that such a finding was made on the basis of appellants' own evidence. That being the case, the contention as to the physical impossibility of the existence of facts as presented by the testimony of the driver of the truck becomes immaterial.

██ The stricken answer, of which appellants complain, concerned the portion of the truck which struck the rear of appellants' car. The answer was stricken because the witness had previously testified she did not see the front part of the truck bed strike the rear part of the car. In the light of the record herein presented, a finding of contributory negligence did not depend upon the matter contained in the stricken answer. Therefore, the action of the court in striking the particular answer likewise becomes immaterial and the ruling of the court on the motion to strike could not be held prejudicial. ██ Nor may appellants complain, under the circumstances, of certain statements and criticisms of the witness's testimony, made by the trial judge in this connection. Since a finding of contributory negligence was proper in any event, such statements of the court could not be held prejudicial to appellants' case, even if the statements themselves might be classed as improper, which circumstance, however, does not readily appear from a reading of the record.

The judgment is affirmed.

York, P. J., and White, J., concurred.